IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD MAY, § | |
| TDCJ-CID NO.1510892, § | |
|     Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-09-0865 |
| WANDA ISBELL, § | |
|     Defendant. § | |

MEMORANDUM AND ORDER ON PARTIAL DISMISSAL

Plaintiff Ronald May, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* but not *in forma pauperis*, has filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entry No.1). Plaintiff has also filed an amended complaint (Docket Entry No.6), and a supplemental complaint. (Docket Entry No.19). The Court will dismiss all but one of plaintiff's claims for the reasons to follow.

BACKGROUND

Plaintiff reports that he suffers from the following conditions: a loose hip-joint replacement, a gun shot wound to his right leg, lower back pain, shoulder pain, degenerative right hip pain, arm and hand pain, chronic acid reflux, high blood pressure, tuberculosis, Hepatitis C, severe arthritis, and severe dental disease. (Docket Entry No.1). In addition to these problems, plaintiff complains that he has experienced problems getting his medication each month and treatment for his decaying teeth; moreover, he complains that he is housed on an upper tier of the

Unit, which exacerbates the pain in his hip and leg. (Id.). He seeks an order directing TDCJ-CID officials to move him to first tier housing, to provide his medications timely, to provide him with the needed dental work, and to award him compensatory, nominal, and punitive damages. (Id.).

In his amended complaint, plaintiff complains that TDCJ officials have violated his First Amendment right to petition the government for redress of grievances by denying him relief on the grievances that he has filed with respect to his medical conditions and treatment for the same. (Docket Entry No.6). He also complains that he suffers from several other medical conditions, which include an irregular heartbeat and a brain injury. (Id.). Plaintiff states that he believes his rights under the Americans with Disabilities Act ("ADA") have been violated by TDCJ's failure to house him on row one because "since all his grievances failed, a newly found medical condition and diagnosis from the U.T.M.B. Orthopedics [shows] that his hip hardware in his left hip joint replacement has become loose and, therefore, a need of a serious surgery is required to fix the damage." (Id.). Plaintiff further complains about the delay in receiving medication for his chronic acid reflux disease and the reduction of pain medication. (Id.). Plaintiff believes that "the medical staff is grossly understaffed[,] which in turn will or would cause lengthy delays in medical treatment, and in turn, deaths and serious injuries."

(<u>Id.</u>).

In a supplemental pleading, plaintiff indicates that he suffered a mild stroke on May 10, 2004, and that he was seen by medical staff the next day. (Docket Entry No.19). Plaintiff claims that medical personnel found him to be okay and did not treat him. (<u>Id.</u>). Plaintiff claims he now stutters and that his oral vocabulary and writing ability are confused. (<u>Id.</u>). He requests a brain scan to confirm that he has had a stroke and medication to keep it from returning. (<u>Id.</u>). He also seeks additional monetary damages. (<u>Id.</u>).

In another supplemental pleading, plaintiff claims that he has a bullet lodged in his right leg, high cholesterol levels, which are the result of the stroke that he has suffered, and high liver enzymes, which are the indicative of the early stages of cirrhosis of the liver from Hepatitis C. (Docket Entry No.28). Plaintiff complains that defendant Wanda Isbell ("Isbell") refuses to remove the bullet lodged in his right leg even though she is aware that the bullet has surfaced to the top of his skin and is hitting a nerve. (<u>Id.</u>). Plaintiff indicates that he has refused a medical chain for his hip condition because he is afraid of the orthopedic doctor who handles his case. (<u>Id.</u>). He also indicates that he missed a second medical chain for optical glasses because he doesn't want to wear glasses. (<u>Id.</u>).

DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. Haines v. Kerner, 404 U.S. 519 (1972); Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A

review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. Id. at 570. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id.).

Personal Involvement

A civil rights plaintiff must establish a causal connection

between the acts or omissions of the defendant and the resultant constitutional deprivation. Reimer v. Smith, 663 F.2d 1316, 1323 (5th Cir. 1981). This may be done by alleging either active participation by the defendant in the actions causing the deprivation of the plaintiff's constitutional rights or affirmative adoption by the defendant of policies, which were wrongful or illegal and which cause the constitutional deprivation. Wanger v. Bonnner, 621 F.2d 675, 679 (5th Cir. 1980).

The only claim that plaintiff has specifically attributed to defendant Isbell is her alleged refusal to remove the bullet that is lodged in his right leg.[1] (Docket Entry No.1). Plaintiff, however, attached Step 2 Grievance No.2009055984 dated December 17, 2008, to his original complaint, in which he complains that Isbell would not help him with his request to be housed on row one. (Docket Entry No.1, page 10). (Id.). The January 26, 2009, response to the grievance reflects that plaintiff had recently been seen by a medical provider on two occasions and the provider did not address the issue of medical restrictions. (Id., page 11). The response also reflects that plaintiff had been referred to an orthopedic clinic for further review. (Id.).

---

1 Although plaintiff did not specifically attribute the delay in receiving medication to Isbell in his pleadings, he attached to his amended complaint a chronology that he kept of medical requests and treatments. (Docket Entry No.6, pages 17-18). He indicates on such chronology that he sent a medical request slip to Isbell on February 16 and 17, 2009, complaining of acid reflux and vomiting and chest pains. (Id., page 17). He indicates that he was seen in the infirmary the next day and advised that he should receive his medication that day. (Id., page 18). He was given over-the-counter medication to treat his symptoms until his medication arrived. (Id.).

6

Plaintiff also attached to his amended complaint an I-60 dated December 18, 2008, in which he complained that Isbell refused to move him to the first row even though he has a total hip replacement and a bullet in his leg. (Docket Entry No.6, page 11). He was informed that he had an x-ray scheduled. (Id.). The radiology report dated January 21, 2009, and signed by Dr. Julius Danziger and Wanda Isbell on January 26, 2009, reflects a bullet fragment in the subcutaneous tissues in the mid-calf region of the tibia and fibula and a deformity of the proximal right tibia in keeping with an old fracture through the proximal right tibia. (Docket Entry No.13, page 4).

Except as to his complaint that Isbell refused to remove the bullet from his leg or to restrict him to a first tier cell, plaintiff states no facts that would causally connect Isbell to any constitutional deprivation. Therefore, all of plaintiff's claims brought pursuant to 42 U.S.C. § 1983, except for his Eighth Amendment "bullet" claim lodged against defendant Isbell, are subject to dismissal as legally frivolous.

### Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The plaintiff must prove objectively that he was exposed to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825,

834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. Id. at 834. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. Id. at 837, 839; Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. "[F]acts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Id. Assertions of inadvertent failure to provide medical care or negligent diagnosis, however, are insufficient to state a claim. Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Plaintiff's pleadings reflect that defendant Isbell was aware of the bullet fragment lodged under the skin in the muscle plane of plaintiff's lower right leg. (Docket Entry No.13, page 4). Plaintiff alleges that Isbell refused to remove the fragment or to

change his medical restriction to first tier housing with knowledge that the bullet posed a substantial risk to his health. Such allegations state a cognizable Eighth Amendment claim and therefore, will be retained.

### Americans with Disabilities Act

Plaintiff generally alleges a claim for violation of Title II of the ADA but he does not state any specific allegations against Isbell for a violation of the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. To establish a claim under the ADA, the plaintiff must show (1) that he is a qualified individual under the Act; (2) that he is being excluded from participation in or being denied benefits of services, programs, or activities for which the defendants are responsible, or that he is otherwise being discriminated against by the defendants; and (3) that this exclusion, denial of benefits, or discrimination is by reason of the disability. Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997). Title II of the ADA applies to state prison facilities and state prison services. *See* Pennsylvania Dep't of Corrections v. Yeskey, 524

U.S. 206, 210 (1998).

As a preliminary matter, plaintiff cannot recover from Isbell in her individual capacity under the ADA. *See* <u>Gonzales v. City of Corpus Christi</u>, No. 05-280, 2005 WL 3058168 at *7 (5th Cir. Nov. 9, 2005) (holding that Title II of the ADA does not contemplate holding officers liable in their individual capacities). Accordingly, plaintiff's claims against Isbell in her individual capacity are subject to dismissal.

Moreover, to the extent that plaintiff has asserted claims against Isbell in her official capacity for violating the ADA, such claims are also subject to dismissal. Although plaintiff argues that the bullet in his right leg causes him pain and makes climbing stairs difficult, he states no facts to show that the injury to his leg renders him disabled for purposes of the ADA or that Isbell's refusal to give him a restriction requiring a first-floor cell, amounts to discrimination under the ADA. Accordingly, to the extent that plaintiff alleges that defendant Isbell violated the ADA, such claim is subject to dismissal.

CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.  All claims against defendant Wanda Isbell, except for the Eighth Amendment claim noted above, are DISMISSED with prejudice as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b).

2. All pending motions are DENIED.

The Clerk will provide copies to plaintiff, to the TDCJ-CID Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, Texas 78711, Fax: 512-2159.

It is so ORDERED.

SIGNED at Houston, Texas, on October 30, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE